## Commonwealth v. Russo

*Louis A. Bloom*, assistant district attorney, for Commonwealth.

*Robert W. Beatty*, for defendant.

MACDADE, J., April 1, 1935.— This defendant was acquitted by a jury, after a fair and impartial trial, of assault and battery, on March 22nd last, but directed to pay the costs of prosecution. Now we have a petition before us to set aside the said costs and impose them upon the County of Delaware, which is doubtful and would perhaps occasion the loss of costs to officers, witnesses and parties. We doubt if we could put the costs on the county and relieve this defendant: The Commonwealth v. The Commissioners of the County of Philadelphia, 4 S. & R. 541; Commonwealth v. Curren, 9 Phila. 623; Wadlinger on Costs, sec. 193.

The reasons assigned therefor are:

"That the evidence was overwhelming; that the witnesses for the Commonwealth were young men of a most obnoxious character and that all the actions of the defendant were in preservation of the rights of his home and family.

"That your petitioner was never in trouble before.

"That your petitioner has been informed that the costs amount to $115.43, and if he is compelled to pay the same it will be a tremendous and unfair burden upon him.

"That your petitioner is a barber in the Township of Haverford and has been in business at the corner of Penn Street and Lancaster Avenue for a period of 22 years and has never been in any trouble before.

"That the testimony adduced at the trial of this cause indicated that your petitioner was without fault and it is impossible for one to determine any reason for the imposition of the costs upon him."

Perhaps if we were the jury we would have absolved this defendant from the imposition and payment of the costs of prosecution. However, under the Criminal Code of March 31, 1860, P. L. 382, it is the exclusive duty of the jury to determine who shall pay the costs in an assault and battery case when the defendant is acquitted as herein. We are sorry for him, but we have no power to relieve him and saddle the costs upon the taxpayers, who are bearing a heavy burden in these days of economic distress, in paying the necessary expenses of conducting our courts in administering the criminal law.

It may be well to note here that neither the prosecutor nor the Commonwealth was liable for the payment of costs in criminal cases at common law. The defendant was bound to pay them, whether found guilty or not guilty, his only remedy in case of innocence being the right to an action for malicious prosecution. To impose, therefore, this liability, some statutory authority must be given.

Such legislation is found in various acts of assembly, and is consolidated in the Criminal Code of 1860. In all prosecutions, cases of felony excepted, if the bill of indictment shall be returned ignoramus, the grand jury returning the same shall decide and certify on such bill whether the county or the prosecutor shall pay the costs of prosecution, and in all cases of acquittals by the petit jury on indictments for the offenses aforesaid, the jury trying the same shall determine, by their verdict, whether the county or the prosecutor or the defendant shall pay

the costs, or whether the same shall be apportioned between the prosecutor and the defendant, and in what proportions; and the jury, grand or petit, so determining, in case they direct the prosecutor to pay the costs or any portion thereof, shall name him in their return or verdict; and whenever the jury shall determine, as aforesaid, that the prosecutor or defendant shall pay the costs, the court in which the said determination shall be made shall forthwith pass sentence to that effect, and order him to be committed to the jail of the county until the costs are paid, unless he give security to pay the same within 10 days: Criminal Procedure Act of March 31, 1860, P. L. 427, secs. 62 and 63.

At common law the defendant was responsible for costs, whether convicted or acquitted. By various acts of assembly relief has been granted where an acquittal takes place. In such case the defendant is relieved unless costs be imposed upon him in the verdict of the jury. If the grand jury ignores, it has no power to place the costs on the defendant. If the petit jury acquits of misdemeanors, it may place all of them upon him, or it may divide with the prosecutor.

It is an inherent power of the court to set aside a finding of costs by the jury, to prevent oppression, which is lacking here, though it will act only in clear cases: Guffy v. The Commonwealth, 2 Grant 66.

To remedy a disputed wrong, an admitted one is committed if we set aside these costs, which surely is not an advance in the administration of justice, for the result of setting aside this verdict as to costs would occasion the loss of costs to officers, witnesses and parties. This court cannot put these costs on the county, and in that way relieve the prosecutor.

If the jury, in the exercise of its undoubted powers, did him an injustice, the court, should it exercise what is at most a doubtful power in setting aside the verdicts for

costs, would do an act of injustice to the witnesses and others, who would be left without remedy: Commonwealth v. Showers, 7 Pa. C. C. 179.

The motion is refused.